**Wanda S. VAN HOOVE, Plaintiff,**

v.

**MID–AMERICA BUILDING MAINTE-NANCE, INC.; Lincoln National Life Insurance Company; and Corroon and Black Benefits, Inc., Defendants.**

Civ. A. No. 90–1068–FGT.

United States District Court, D. Kansas.

Jan. 19, 1993.

Alan L. Rupe, Alan L. Rupe Law Offices, P.A., Wichita, KS, for plaintiff.

William R. Smith, Hershberger, Patterson, Jones & Roth, Wichita, KS, for defendant.

MEMORANDUM AND ORDER

THEIS, District Judge.

Plaintiff, Wanda Van Hoove, brought this action alleging violations of the Comprehensive Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. §§ 1161 *et seq.*, amendments to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001, *et seq.* Specifically, plaintiff alleges that defendant did not comply with the notice requirements of 29 U.S.C. § 1166. Plaintiff seeks to recover a $100 per day penalty under ERISA's civil enforcement provision, 29 U.S.C. § 1132(c). Plaintiff also alleges common law claims of misrepresentation and breach of fiduciary duty.

Plaintiff seeks compensatory and punitive damages and prejudgment interest on her common law claims.

Defendant provides group health insurance for its employees and their families. Plaintiff is the former spouse of Allen Reed, a former employee of defendant. Allen Reed terminated his employment with defendant on or about April 11, 1988. Plaintiff and Allen Reed filed for divorce on April 29, 1988. Plaintiff had the right under COBRA to continue coverage under defendant's health insurance policy if she agreed to pay for the coverage. 29 U.S.C. § 1161(a). Plaintiff claims that defendant breached its fiduciary duty to plaintiff, as well as its statutory obligation, in that at no time did defendant notify plaintiff of her COBRA rights as required by 29 U.S.C. § 1166. Plaintiff further claims that defendant affirmatively misrepresented her insured status. Plaintiff claims that in May 1988 defendant's employees told her that she was covered by defendant's group health insurance through the end of that month. In May 1988 plaintiff underwent medical procedures, and the insurance carrier denied her claim on the ground that her coverage had expired on April 30, 1988.

The matter is before the court on defendant Mid–America's motion for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Defendant argues therein that ERISA preempts the state law claims and remedies and that, therefore, plaintiff's common law claims fail to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6).

The standards governing consideration of a motion to dismiss for failure to state a claim upon which relief can be granted are clearly established. Motions to dismiss are disfavored: a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). In considering a motion to dismiss, the factual allegations of a complaint must be taken as true and all reasonable inferences must be indulged in favor of the plaintiff. *Mitchell v. King,* 537 F.2d 385, 386 (10th Cir.1976). Pleadings are to be liberally construed. *Gas-a-Car, Inc. v. American Petrofina, Inc.,* 484 F.2d 1102, 1107 (10th Cir.1973). The question is not whether a plaintiff will ultimately prevail, but whether he is entitled to offer evidence in support of his claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

Defendant argues that plaintiff cannot recover on her common law claims because they are subject to ERISA preemption. The relevant provision of ERISA states as follows: "the provisions of this title and title IV shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 4(a) [29 U.S.C. § 1003(b)]." 29 U.S.C. § 1144(a). The statute further provides that "the term "State law" includes all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1). Section 1144(a) is broadly construed to preempt common law contract and tort claims brought by participants who allege wrongful administration of ERISA plans. *See Straub v. Western Union Telegraph Co.,* 851 F.2d 1262, 1263–64 (10th Cir.1988) (breach of contract and negligent misrepresentation claims preempted).

■ The court must first decide whether the preemption issue may be properly considered upon a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Plaintiff notes that in determining whether ERISA preempts her claims, the court must decide whether her claims "relate to" Mid–America's employee benefit plan. According to plaintiff, this is a factual issue best left to a motion for summary judgment. However, plaintiff points to no authority that the preemption issue may not be addressed on a motion for judgment on the pleadings. Furthermore, plaintiff need not worry about the court deciding issues of fact without benefit of the necessary evidence. The court will, in

accordance with its duty under Rule 12, take plaintiff's allegations as true for purposes of this motion.

▮ Plaintiff next asserts that ERISA preemption is not an issue because she brought her statutory claims under the Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA"), 29 U.S.C. §§ 1161, *et seq.*, rather than ERISA. However, in this case the relevant COBRA provisions are actually amendments to ERISA. The COBRA provisions on which plaintiff relies are found at Title 29 U.S.C. Chapter 18, entitled Employment Retirement Income Security Program. Furthermore, the $100 per day penalty that plaintiff seeks for COBRA violations appears in ERISA's general civil enforcement section, 29 U.S.C. § 1132, and not with other COBRA sections. The COBRA provisions at issue here, as part of ERISA, are subject to ERISA preemption rules. *See Branch v. G. Bernd Co.*, 955 F.2d 1574, 1580 (11th Cir.1992) ("While ERISA and COBRA preempt state law, . . ."). *But see Stewart v. Blue Cross and Blue Shield of Kansas, Inc.*, No. 90–4048–R, 1990 WL 41393 (D.Kan. March 29, 1990) (COBRA sections which are part of Public Health Service Act, 42 U.S.C. § 201, *et seq.*, do not preempt state law).

▮ Finally, plaintiff argues that ERISA does not preempt her claim based on the alleged misrepresentation made sometime in May 1988 because at that time plaintiff was neither a participant nor a beneficiary of the plan. Plaintiff cites cases holding that only participants have standing under ERISA and that common law tort actions are appropriate for those who are not participants. *Allstate Ins. Co. v. The 65 Security Plan*, 879 F.2d 90 (3d Cir.1989); *Dodd v. John Hancock Mut. Life Ins. Co.*, 688 F.Supp. 564 (E.D.Cal.1988). However, these cases are distinguishable on their facts. In *Allstate*, the court held that ERISA does not preempt a suit by an automobile insurance carrier seeking a determi-

nation of whether it or the medical insurance carrier is the primary insurer. *Allstate*, 879 F.2d 90. In *Dodd* the court held that claims by an owner of a corporation who is also an employee of the corporation are preempted. *Dodd*, 688 F.Supp. at 571. The cases are thus not persuasive under the circumstances of this case, where the plaintiff is a former participant alleging errors in administration of an ERISA plan.

In this case the alleged misrepresentation clearly relates to the ERISA plan because it implicates defendant's fiduciary duties and obligation to disclose information regarding its ERISA plan. *See Nevill v. Shell Oil Co.*, 835 F.2d 209, 212 (9th Cir.1987) (ERISA preempts state laws related to reporting, funding, disclosure, vesting and enforcement of benefit plans); *Cromwell v. Equicor–Equitable HCA Corp.*, 944 F.2d 1272 (6th Cir.1991) (claims such as estoppel, breach of contract, negligent misrepresentation at the heart of ERISA issues). The fact that plaintiff was not a participant at the time of the alleged misrepresentation does not change this result. Plaintiff claims she was not a participant in an ERISA plan precisely because of the defendant's alleged misrepresentation. Moreover, plaintiff's status as a nonparticipant at the time of the alleged misrepresentation relates to her standing to bring an ERISA claim. The preemption issue is separate from the question of standing. *See Pane v. Dandan*, 763 F.Supp. 281 (N.D.Ill. 1991) (ERISA preempts tort and contract claims regarding denial of benefits although plaintiff, as nonemployee, would have no standing under ERISA). The fact that a federal remedy may not be available is not relevant to the preemption analysis. *Cromwell*, 944 F.2d at 1276 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). *See also Hospice of Metro Denver v. Group Health Ins., Inc.*, 944 F.2d 752, 755 (10th Cir.1991). Therefore, plaintiff's misrepresentation claim is preempted.[1]

---

1. The Tenth Circuit Court of Appeals has held that ERISA preempts claims of breach of contract and negligent misrepresentation under circumstances analogous to this case. *Kelso v.*

*General American Life Ins. Co.*, 967 F.2d 388 (10th Cir.1992). The plaintiff in *Kelso* failed to exercise his COBRA right to continue his insurance policy, believing that his wife would be

Plaintiff does not directly address whether her breach of fiduciary duty claim relates to defendant's health insurance plan. However, this claim alleges the same conduct—failure to inform plaintiff of her COBRA rights—that is the basis of plaintiff's statutory claims. Moreover, plaintiff concedes that any breach of a fiduciary duty occurred when she was a participant in the employee benefit plan. Therefore, ERISA preempts plaintiff's breach of fiduciary duty claim. Plaintiff's claims for compensatory and punitive damages and prejudgment interest under state law are likewise preempted by ERISA's civil remedies.

IT IS BY THIS COURT THEREFORE ORDERED that defendant's motion for partial judgment on the pleadings (Doc. 68) is hereby granted.

covered by defendant's ERISA plan. *Id.* After plaintiff's wife died, defendant discovered that plaintiff's wife had not filed a statement of insurability and was not eligible for coverage. *Id.* Defendant therefore denied claims for further benefits. *Id.* Plaintiff argued that defendant's acceptance of premiums constituted representations that plaintiff's wife was eligible for insurance. *Id.* The court held that ERISA preempted plaintiff's misrepresentation claim without discussing plaintiff's nonparticipant status. *Id.* at 391.