**Dora SWEARINGEN, Plaintiff,**

v.

**HONEYWELL, INC., Defendant.**

**CIVIL ACTION No. 01–2040–GTV.**

United States District Court,
D. Kansas.

Feb. 15, 2002.

---

David T. Holt, Campbell, Holt & Associates, Kansas City, MO, Mark A. Corder, Olathe, KS, John Harl Campbell, John Harl Campbell L.L.C., Osage Beach, MO, for Plaintiff.

J. Nick Badgerow, Spencer, Fane, Britt & Browne, Overland Park, KS, for Defendant.

## MEMORANDUM AND ORDER

VanBEBBER, Senior District Judge.

Plaintiff, Dora Swearingen,[1] brings this action pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"), and Kansas state law, alleging that Defendant,

---

1. Plaintiff is also known as Dora Compton.

Honeywell, Inc. ("Honeywell"), is barred by the doctrine of estoppel from denying benefits to her under her deceased husband's pension plan and that Defendant breached its fiduciary duty as administrator of the plan. The case is before the court on Motion of Defendant Honeywell to Dismiss with Prejudice (Doc. 20). For the reasons set forth below, Defendant's motion is granted in part and denied in part.

## I. FACTUAL BACKGROUND

Prior to his death at age forty-one, Plaintiff's common law husband, Steve Swearingen,[2] was employed by Defendant at various locations across the United States. At the time of his death, Mr. Swearingen worked at Defendant's Olathe, Kansas, facility. Following Mr. Swearingen's death, Plaintiff requested payment of any benefits due to her under Defendant's employee benefits plans.

On June 15, 1999, Patrick McGovern, one of Defendant's in-house attorneys, sent a letter to Plaintiff's counsel informing him of the various benefits payable to Plaintiff under Defendant's plans. Among the plans noted by Mr. McGovern was the Bendix Salaried Employee Retirement Pension Plan ("Bendix Plan"). According to Mr. McGovern, Plaintiff was eligible for a survivor income benefit under the Bendix Plan of $905.40 per month.[3] Plaintiff claims that Mr. McGovern's representation regarding the survivor income benefit

prompted her to enter into a family settlement agreement with Mr. Swearingen's parents by which she relinquished rights to benefits and funds to which she might have otherwise been entitled.

On May 15, 2000, Kevin Covert, another one of Defendant's in-house attorneys, sent Plaintiff's counsel a letter informing him that Mr. McGovern's representation in the June 15, 1999, letter was incorrect and that Plaintiff was in fact not eligible for the survivor income benefit under the Bendix Plan. Mr. Covert claimed that because Mr. Swearingen died prior to the age of fifty, he was required to be an active employee at a Bendix location in order for his beneficiary to recover under the Plan. According to Mr. Covert, Mr. Swearingen's transfer from the Bendix facility in Redmond, Washington, to the non-Bendix facility in Olathe, coupled with his death prior to the age of fifty, negated any of Plaintiff's rights to recover as beneficiary under the Bendix Plan.

Although Defendant purportedly failed to provide Plaintiff with the Bendix Plan, the Bendix Plan summary documents or other related Bendix Plan documents, Plaintiff claims that, upon information and belief, the Plan is ambiguous as to whether Mr. Swearingen remained eligible for survivor income benefits following his transfer to the non-Bendix Olathe facility.

---

**2.** The precise status of Plaintiff's relationship with Steve Swearingen has been a matter of dispute between the parties over the course of these proceedings. Plaintiff's marital status is not, however, at issue before the court today. Accordingly, the court assumes for purposes of this opinion that Plaintiff was Mr. Swearingen's common law spouse.

**3.** The portion of Mr. McGovern's letter relating to the Bendix Plan stated in full:
**Bendix Salaried Employee Retirement Pension Plan Pension (Redmond location):** if

Ms. Compton is determined to be the spouse under the Plan: then the Plan will pay a survivor income benefit of $905.40/month, paid by CIGNA because Mr. Swearingen died younger than age 50. This benefit would be payable for her life unless she marries in which case the benefit continues at $905.40 for one year beyond remarriage, at which time the benefit reduces to 50% of the joint and survivor benefit. If she is determined not to be the spouse, no benefit is payable under this Plan.

## II. STANDARD OF REVIEW

■ Defendant moves to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. The court begins by noting that Defendant filed its motion to dismiss after submitting its answer in this case. Technically, it is impermissible under the Federal Rules to submit an answer and thereafter file a Rule 12(b)(6) motion to dismiss. See Fed. R.Civ.P. 12(b) (stating that a motion to dismiss under the rule "shall be made before pleading if further pleading is permitted"). "However, because Rule 12(h)(2) permits the court to consider '[a] defense of failure to state a claim upon which relief can be granted' within a Rule 12(c) motion for judgment on the pleadings, the court will treat defendant's motion as if it had been submitted under Rule 12(c)." *Faulk v. Tiffany,* No. 99–2354–GTV, 2000 WL 714336, at *1 (D.Kan. May 23, 2000) (citing *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir.1990); *Aldabe v. Aldabe,* 616 F.2d 1089, 1093 (9th Cir.1980)). The distinction between the two rules is purely one of procedural formality, however. The court will employ the same standard that it uses to analyze a Rule 12(b)(6) motion to dismiss to evaluate a Rule 12(c) motion for judgment on the pleadings. *Ramirez v. Dep't of Corr.,* 222 F.3d 1238, 1240 (10th Cir.2000) (citation omitted).

A Rule 12(b)(6) motion to dismiss will be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling her to relief under her theory of recovery. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984) (citation omitted). The court must view all reasonable inferences in favor of the plaintiff, and the pleadings must be liberally construed. *Id.* (citation omitted). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support her claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), overruled on other grounds by *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

■ Finally, the court notes Plaintiff's request for the court to review Defendant's motion as a motion for summary judgment pursuant to Fed.R.Civ.P. 56. The court declines to do so. Specifically, the court disagrees with Plaintiff's contention that a Rule 12(b)(6), or in this case a Rule 12(c), motion must be converted into a motion for summary judgment when it involves "a fact not established by the pleadings." Rules 12(b)(6) and 12(c) require that a motion be converted into one for summary judgment only when matters outside of the pleadings are presented to and considered by the court. See Fed. R.Civ.P. 12(b)(6), (c). Matters outside of the pleadings have not been presented to or considered by the court in this case. Accordingly, the court simply applies the Rule 12(b)(6) standard previously enunciated and takes any fact, assuming that it is well-pleaded by Plaintiff, as true. See *Swanson,* 750 F.2d at 813.

## III. DISCUSSION

Defendant advances several arguments in support of its motion to dismiss. First, Defendant contends that Plaintiff lacks standing to pursue this action under ERISA because she cannot show that she was a beneficiary under the Bendix Plan. Second, Defendant argues that Count I of Plaintiff's complaint, which sounds in common law estoppel, is pre-empted by ERISA. Third, Defendant maintains that Count II of Plaintiff's complaint must be

dismissed because estoppel under ERISA is not recognized by the Tenth Circuit, and even if it is, Plaintiff fails to satisfy the requisite elements to state such a claim. Finally, Defendant submits that Count III of Plaintiff's complaint, which alleges breach of fiduciary duty under ERISA, fails to state a claim. Defendant also requests that the court award Defendant its costs and attorney's fees in this matter. Plaintiff requests that Defendant's motion be denied or, in the alternative, requests that the court provide her with an opportunity to amend her complaint to address any deficiencies noted by Defendant.

### A. Standing to Pursue ERISA Action

Defendant first contends that Plaintiff lacks standing to pursue an action under ERISA. ERISA permits participants, beneficiaries, fiduciaries, and the Secretary of Labor to file suit for the causes of action authorized under the statute. See 29 U.S.C. § 1132(a). In this case, Plaintiff claims that she is a beneficiary under the Bendix Plan. ERISA defines a "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *Id.* § 1002(8). Defendant argues that Mr. Swearingen was not a participant[4] in the Bendix Plan when he died and that, there-fore, Plaintiff cannot qualify as a beneficiary because she was never entitled or potentially entitled to any benefits under the Plan. The court disagrees.

■ The primary issue in this lawsuit appears to be whether Mr. Swearingen remained a participant in the Bendix Plan at the time of his death. Defendant contends that he was not. Plaintiff alleges that, upon information and belief, the Bendix Plan was ambiguous as to whether he was. Viewing all reasonable inferences in the light most favorable to Plaintiff, the court concludes that Plaintiff has satisfactorily alleged that Mr. Swearingen may have qualified as a participant under the Bendix Plan at the time of his death. Given this, the court holds that Plaintiff has standing to pursue her claims under ERISA as a beneficiary under the Bendix Plan.[5]

### B. Common Law Estoppel Claim

■ Defendant next argues that Count I of Plaintiff's complaint, which sounds in common law estoppel, is pre-empted by ERISA. ERISA pre-empts state law claims that "relate to" any employee benefit plan covered under ERISA. 29 U.S.C. § 1144(a); *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 45, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). The United States Supreme

---

4. ERISA defines a "participant" as:

 [A]ny employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

 29 U.S.C. § 1002(7).

5. The court is unpersuaded by Defendant's argument that *Stanton v. Gulf Oil Corp.,* 792 F.2d 432 (4th Cir.1986), is analogous to the case at hand. Most importantly, Stanton was based on a different standard of review than this case. In Stanton, the Fourth Circuit affirmed the district court's order granting summary judgment to the defendant-employer based on uncontroverted facts that demonstrated that the plaintiff was not a participant in the defendant's ERISA-covered plan. 792 F.2d at 434–35. Here, Plaintiff alleges in her complaint that Mr. Swearingen may have been a participant in the Bendix Plan, and the court has found Plaintiff's allegation to be sufficient to survive Defendant's motion to dismiss. Of course, the facts in this case may ultimately reveal that Plaintiff cannot overcome the same argument on a motion for summary judgment, but the court leaves that issue to another day.

Court has noted that "the express pre-emption provisions of ERISA are deliberately expansive, and designed to 'establish pension plan regulation as exclusively a federal concern.'" *Pilot Life,* 481 U.S. at 45–46, 107 S.Ct. 1549 (quoting *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 523, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981)). Given the pre-emption clause's broad scope, the Supreme Court has stated that a state law "relates to" a benefit plan "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983) (citations omitted).

■ According to Tenth Circuit jurisprudence, state common law claims based on the doctrine of promissory estoppel "relate to" a benefit plan and are, therefore, pre-empted by ERISA. See *Peckham v. Gem State Mut. of Utah,* 964 F.2d 1043, 1050–51 (10th Cir.1992); see also *Kaus v. Standard Life Ins. Co.,* 176 F.Supp.2d 1193, 1198 (D.Kan.2001) (citations omitted) (concluding that the plaintiff's state law estoppel claim was pre-empted by ERISA). In light of this precedent, the court concludes that Plaintiff's state law estoppel claim is pre-empted by ERISA. The court is not persuaded by Plaintiff's argument that if, as Defendant claims, Mr. Swearingen was not a Bendix Plan participant, then Plaintiff's estoppel claim would not "relate to" the Plan but would merely be a common law claim against a Defendant that "coincidentally" had an ERISA-covered plan. To the contrary, the court finds that Plaintiff's estoppel claim relates directly to her efforts to secure payments under the Bendix Plan and is, therefore, pre-empted. For this reason, the court grants Defendant's motion to dismiss Count I of Plaintiff's complaint.

## C. ERISA Estoppel Claim

Defendant also contends that Count II of Plaintiff's complaint must be dismissed because estoppel under ERISA is not recognized by the Tenth Circuit, and even if it is, Plaintiff fails to satisfy the requisite elements to state such a claim. As Defendant correctly notes, the Tenth Circuit has never officially recognized a claim for equitable estoppel under ERISA. See *Cannon v. Group Health Serv. of Okla., Inc.,* 77 F.3d 1270, 1277 (10th Cir.1996). Despite the lack of formal recognition, the Tenth Circuit has outlined a rudimentary framework of rules and elements to be followed when analyzing an equitable estoppel claim. See *Kaferly v. U.S. West Techs.,* No. 98–1165, 1999 WL 679682, at *9–10 (10th Cir. Sept. 1, 1999); *Cannon,* 77 F.3d at 1276–77; *Averhart v. U.S. WEST Mgmt. Pension Plan,* 46 F.3d 1480, 1485–87 (10th Cir.1994); *Miller v. Coastal Corp.,* 978 F.2d 622, 624–25 (10th Cir.1992); see also *Kaus,* 176 F.Supp.2d at 1198–99 (recognizing lack of formal recognition of ERISA estoppel claim but applying certain elements outlined by the Tenth Circuit); *Arocho v. Goodyear Tire & Rubber Co.,* 88 F.Supp.2d 1175, 1183–84 (D.Kan.2000) (same).

■ In *Miller v. Coastal Corporation,* the Tenth Circuit refused to "import notions of promissory estoppel into ERISA" and held that the unambiguous terms of an employee benefit plan could not be modified by informal communications, regardless of whether the communications were written or oral. 978 F.2d at 624–25. The *Miller* court left open, however, the possibility that estoppel might be applied in "egregious" or "extraordinary" circumstances, such as when the evidence demonstrated "lies, fraud, or intent to deceive" on the part of the defendant. 978 F.2d at 625; *Kaferly,* 1999 WL 679682, at *10 n. 8 (citing *Miller,* 978 F.2d at 625) ("Miller left open the issue of whether estoppel might apply in limited, extraordinary circumstances...."). Two years after Miller, the Tenth Circuit indicated in *Averhart v. U.S.*

*WEST Management Pension Plan* that if an ERISA estoppel claim would be available at all, it would only apply with respect to an employer's representations that constituted an interpretation of an ambiguous term of an employee benefit plan. 46 F.3d at 1486 (citations omitted). Thus, the Tenth Circuit's opinions appear to indicate that if the court were to uphold a claim for estoppel under ERISA, it would do so only if: (1) the challenged representation concerned an unambiguous term of an employee benefits plan but was based on lies, fraud, intent to deceive or other egregious or extraordinary circumstances; or (2) the representation constituted an interpretation of an ambiguous term of an employee benefits plan.

 In this case, Defendant argues that Plaintiff has failed to allege any egregious or extraordinary circumstances sufficient to state a claim for estoppel under ERISA. The court agrees. Plaintiff's complaint contains no allegations that Defendant's representations were based on lies, fraud, intent to deceive or other egregious or extraordinary circumstances. Accordingly, the court concludes that Plaintiff has failed to state a claim for estoppel under ERISA on that basis.

 Defendant also argues that Plaintiff has failed to allege any ambiguity in the Bendix Plan and that she can, therefore, not claim that Defendant's represen-

tations constituted an interpretation of an ambiguous term of the Plan. The court disagrees. Plaintiff alleges in her complaint that the Bendix Plan is ambiguous as to whether Mr. Swearingen was a participant in the Plan at the time of his death. Plaintiff also alleges that she relied on Mr. McGovern's June 15, 1999, representation regarding that ambiguity—ie., that Mr. Swearingen was a participant in the Plan at the time of his death—to her substantial detriment. Given this, the court concludes that Plaintiff has adequately stated a claim for estoppel under ERISA based on Defendant's representation that constituted an interpretation of an ambiguous term of the Bendix Plan. Accordingly, the court denies Defendant's motion to dismiss Count II of Plaintiff's complaint.[6]

### D. Breach of Fiduciary Duty Claim

Finally, Defendant submits that Count III of Plaintiff's complaint, which alleges a breach of fiduciary duty under ERISA, fails to state a claim. Plaintiff does not specify in her complaint precisely which section or sections of ERISA she seeks relief under in Count III. Defendant argues in its motion to dismiss that Plaintiff fails to state a claim under any of the three primary causes of action that ERISA provides for participants or beneficiaries wishing to challenge denial of benefits claims by plan administrators.[7] The court agrees

---

**6.** The court recognizes Defendant's argument that the Tenth Circuit has yet to formally adopt an estoppel under ERISA claim. However, given the guidance set forth by the Tenth Circuit in Averhart regarding representations that constitute interpretations of ambiguous terms of employee benefits plans, the court concludes that it must permit Plaintiff to proceed with her ERISA estoppel claim for the time being.

**7.** Plaintiff failed to respond to Defendant's motion to dismiss Count III of her complaint. As a result, Defendant also argues that its

motion to dismiss should be granted as uncontested under D. Kan. Rule 7.4. D. Kan. Rule 7.4 provides that "[a] response unaccompanied by a required brief or memorandum may, in the discretion of the court, be disregarded and the pending motion may be considered and decided as an uncontested motion." In the interest of justice, the court declines to grant Defendant's motion to dismiss Count III as uncontested in this instance. However, the court instructs Plaintiff's counsel to fully comply with D. Kan. Rule 7.1 in the future.

that Plaintiff fails to state a claim under two of the three sections addressed by Defendant but concludes that Plaintiff has sufficiently stated a claim under the remaining section.

 29 U.S.C. § 1132(a)(1)(B) provides a cause of action for a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Defendant argues that Plaintiff cannot recover under § 1132(a)(1)(B) because Mr. Swearingen was not a participant in the Bendix Plan at the time of his death, and, therefore, Plaintiff was not entitled to any benefits as Mr. Swearingen's beneficiary. The court disagrees. As noted previously, Plaintiff alleges in her complaint that, upon information and belief, the Bendix Plan was ambiguous as to whether Mr. Swearingen was a participant in the Plan. Viewing all reasonable inferences in the light most favorable to Plaintiff, the court concludes that Plaintiff has satisfactorily alleged that Mr. Swearingen may have been a participant in the Bendix Plan at the time of his death, and that Plaintiff, therefore, may have qualified as Mr. Swearingen's beneficiary. The court also concludes that Plaintiff has satisfactorily alleged that Defendant impermissibly denied her benefits under the Bendix Plan. Given this, the court holds that Plaintiff has stated a claim for denial of benefits under § 1132(a)(1)(B).[8]

 29 U.S.C. § 1132(a)(2) provides a cause of action for a participant or beneficiary to recover for breaches of ERISA's fiduciary duties provisions. Defendant argues that Plaintiff cannot recover under § 1132(a)(2) because that section does not permit a beneficiary to bring a private cause of action for damages. The court agrees. "[T]he United States Supreme Court has held that § 1132(a)(2) does not authorize a participant or beneficiary to bring a private right of action for damages to redress a breach of fiduciary duty." *Alexander v. Anheuser–Busch Cos.*, 990 F.2d 536, 540 (10th Cir.1993) (citing *Mass. Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 138, 148, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985)) (further citations omitted). Here, Plaintiff seeks to do exactly that which the Supreme Court prohibited in Russell. Given this, the court holds that Plaintiff has failed to state a claim for breach of fiduciary duty under § 1132(a)(2).

 29 U.S.C. § 1132(a)(3) provides a cause of action for a participant or beneficiary to seek equitable relief in connection with a benefits dispute. However, a participant or beneficiary will not be permitted to seek equitable relief under § 1132(a)(3) if he or she has another adequate ERISA remedy available to him or her. *Moore v. Berg Enters., Inc.,* 1999 WL 1063823, at *2 n. 2, 201 F.3d 448 (10th Cir.1999) (citing *Varity Corp. v. Howe,* 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996)); *Arocho,* 88 F.Supp.2d at 1185 (citations omitted). Because the court con-

---

**8.** The court recognizes that Plaintiff refers to her claim in Count III of her complaint as a claim for "breach of fiduciary duty" and that § 1132(a)(1)(B) is usually labeled as a claim for "denial of benefits." However, given the mandate of Federal Rule of Civil Procedure 8(f) to construe pleadings liberally, the court examines the substance of Plaintiff's complaint, rather than the labels she attaches to it, to determine the nature of the causes of

action she states. *See e.g., Minger v. Green,* 239 F.3d 793, 799 (6th Cir.2001). Given this and given that Defendant specifically addressed § 1132(a)(1)(B) in its motion to dismiss, the court concludes that Plaintiff's labeling of Count III as a claim for breach of fiduciary duty—although perhaps slightly mistaken—does not preclude her from pursuing her claim under § 1132(a)(1)(B) for denial of benefits.

cludes that § 1132(a)(1)(B) provides Plaintiff with an adequate remedy under ERISA, the court will not permit Plaintiff to seek equitable relief under § 1132(a)(3).

In sum, the court denies Defendant's motion to dismiss Count III of Plaintiff's complaint. Plaintiff has stated a claim for relief under § 1132(a)(1)(B) of ERISA. Plaintiff is not permitted, however, to proceed with claims for relief under § 1132(a)(2) or § 1132(a)(3) of ERISA.

### E. Defendant's Request for Costs and Attorney's Fees

The court denies Defendant's request for costs and attorney's fees in this matter.

### F. Plaintiff's Request for Leave to Amend

The court recognizes Plaintiff's request for the court to provide her with leave to amend her complaint to address any deficiencies noted by Defendant in its motion to dismiss. The court will, of course, entertain a formal motion for leave to amend if Plaintiff wishes to file one, but it declines to grant leave to cure deficiencies in her complaint based solely on the general request contained in Plaintiff's response brief. IT IS, THEREFORE, BY THE COURT ORDERED that Motion of Defendant Honeywell to Dismiss with Prejudice (Doc. 20) is granted in part and denied in part.

IT IS FURTHER ORDERED that Count I of Plaintiff's complaint is dismissed. Plaintiff is permitted to proceed on Count II of her complaint under the theory that Defendant made a representation that constituted an interpretation of an ambiguous term of the Bendix Plan. Plaintiff is permitted to proceed on Count III of her complaint under the denial of benefits theory contained in 29 U.S.C. § 1132(a)(1)(B).

IT IS FURTHER ORDERED that Defendant's request for costs and attorney's fees is denied.

IT IS FURTHER ORDERED that Plaintiff's request for leave to amend her complaint to cure any deficiencies noted by Defendant is denied. The court will entertain a formal motion for leave to amend if Plaintiff chooses to file one.

Copies of this order shall be transmitted to counsel of record for the parties.

**IT IS SO ORDERED.**