Kevin C. BEACH, Plaintiff,

v.

MUTUAL OF OMAHA INSURANCE CO., et al., Defendants.

No. 02–2124–DJW.

United States District Court, D. Kansas.

Oct. 28, 2002.

Kevin J. Berger, David P. Crandall, Crews, Waits, Brownlee, Berger & Hoop, Kansas City, MO, for Plaintiff.

Richard E. McLeod, Dean E. Nash, McLeod, Nash & Franciskato, Kansas City, MO, for Defendants.

## ORDER

WAXSE, United States Magistrate Judge.

Plaintiff brings this action pursuant to the Employee Retirement Income Security Act of 1974 [1] ("ERISA"), and Kansas state law, seeking medical benefits under a group health insurance policy. Plaintiff also seeks an injunction requiring health insurance coverage. Currently pending before the Court is Plaintiff's Motion for Leave to Amend Complaint (doc. 19), Defendants' Motion to Dismiss (doc. 2) and Plaintiff's Motion for Oral Argument on both of Defendants' Motions (doc. 28). For the reasons stated below, Plaintiff's Motion for Leave to Amend Complaint will be granted and Defendants' Motion to Dismiss will be granted in part and denied in part as specifically set forth herein.

Moreover, the Court determines, after examining the briefs submitted by the parties, that oral argument would not materially assist in resolving the pending Motions. Thus, Plaintiff's Motion for Oral Argument will be denied.

### I. Facts

Plaintiff's First Amended Complaint alleges the following facts, which the Court accepts as true for purposes of the pending Motion to Dismiss [2]:

Defendant Peter Kiewit Sons', Inc. ("Kiewit") is a construction company incorporated in Nebraska. During the relevant time period, Plaintiff's father, Barry Beach, worked for Kiewit. Kiewit's group health insurance policy ("the Benefit Plan" or "the Plan") is self-funded. Defendant Mutual of Omaha Insurance Company ("Mutual of Omaha") is an administrator of the Benefit Plan.

Prior to December 31, 2000, Plaintiff was an eligible beneficiary under the Benefit Plan because he was Barry Beach's natural-born, unmarried son, under the age of 23 years, who was a full-time student at an accredited college and chiefly dependent on Barry Beach for support. Plaintiff's eligibility for plan benefits lapsed on or about December 31, 2000, however, because Plaintiff chose not to continue full-time enrollment as a college student.

On or about July 13, 2001, Plaintiff was accepted as a student at Iowa Western Community College. At that time, Plaintiff enrolled in classes on a full-time basis with course work to begin on August 20, 2001. Plaintiff paid $1,568.00 in tuition for 18 credit hours, purchased required tools and supplies in an amount exceeding $400.00 and attended a day-long on-campus mandatory orientation session for full-time students.

On or about July 30, 2001, Barry Beach contacted agents of the administrator of the Plan to advise them of his desire to have Plaintiff covered under the Benefit Plan based on Plaintiff's recent college enrollment. On or about July 30, 2001— and on several other occasions prior to August 13, 2001–agents of the administrator of the Plan, including but not limited to Sandy Otto and Kris Athey, orally informed Barry Beach that Plaintiff was covered by the Benefit Plan as of Barry Beach's July 30, 2001 request for such

1. 29 U.S.C. § 1001 et seq.

2. *Zinermon v. Burch,* 494 U.S. 113, 118, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990) (in ruling on motion to dismiss, court must assume as true all well-pleaded facts in complaint).

coverage. Such agents further communicated to Barry Beach that an enrollment form would be sent to Barry Beach by the Plan administrator, which he should return when completed.

Between the time period of July 30, 2001 and August 13, 2001, neither Defendant provided the referenced enrollment form to Barry Beach. On August 13, 2001, Plaintiff was seriously injured in an automobile accident, rendering him a paraplegic. Since the accident, Plaintiff has made claims for medical benefits under the Benefit Plan. Plaintiff's claims for benefits have been denied. In support of denial, Defendants assert that, at the time of the accident, Plaintiff had not yet begun attending classes and thus was not eligible to receive benefits under the Benefit Plan.

Plaintiff brings this lawsuit against Defendants seeking benefits under the Benefit Plan, as well as an injunction requiring coverage under the Benefit Plan. In his original Complaint, Plaintiff asserts the following four claims against Defendants: (1) ERISA Civil Enforcement; (2) Promissory Estoppel; (3) Negligent Misrepresentation; and (4) Intentional Misrepresentation.

On April 23, 2002, Defendants moved to dismiss Counts II, II, and IV of the Complaint on grounds that those three claims are preempted by ERISA. After the Motion to Dismiss was fully briefed, Plaintiff moved to amend the original Complaint by modifying the promissory estoppel claim in Count II of the Complaint. More specifically, Plaintiff seeks in his Motion for Leave to Amend to change the Kansas common law promissory estoppel claim to a claim for equitable estoppel under federal ERISA law. In his Motion for Leave to Amend, Plaintiff also seeks to add his father as a party plaintiff.

Based on the relationship between the two pending motions, the Court finds it prudent to resolve Plaintiff's Motion for Leave to Amend the Complaint before turning to the issues presented by Defendants' Motion to Dismiss.

## II. Motion for Leave to Amend Complaint

Rule 15 of the Federal Rules of Civil Procedure allows one amendment of the pleadings, before a responsive pleading is served or within twenty days after service.[3] Subsequent amendments are allowed by leave of court or by written consent of an adverse party and should be "freely given when justice so requires."[4] "The decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion . . . and will not be disturbed absent an abuse of that discretion."[5] The district court should deny leave to amend only when it finds "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[6]

● Amending Count II: Promissory Estoppel

In support of their Motion to Dismiss Count II of Plaintiff's Complaint, Defendants assert Plaintiff's state law claim of promissory estoppel is preempted by ERISA and thus fails to state a claim for relief on its own. In his Motion for Leave to Amend, Plaintiff seeks to rectify this

3. Fed.R.Civ.P. 15(a).

4. *Id.*

5. *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir.1991).

6. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993).

preemption issue by changing the state law promissory estoppel claim to an equitable estoppel claim under federal ERISA law. Defendants oppose the motion, arguing "Plaintiff's request to recharacterize his state law promissory estoppel claim as an estoppel claim under ERISA is [merely] an attempt to avoid dismissal."[7] Defendants further oppose the motion on grounds that "the Tenth Circuit has not adopted an ERISA equitable estoppel claim and Plaintiff has not presented facts that would support such a claim even if it were adopted."[8] Because "recharacterization" is not prohibited by the rules absent flagrant abuse, bad faith, inordinate/unexplained delay or prejudice to the opposing party, the Court will construe Defendants' sole argument to be futility of the proposed amendment.

 A court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it otherwise fails to state a claim.[9] Accordingly, this Court must analyze Plaintiff's proposed amendments as if they were before the Court on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Dismissal of a claim under Rule 12(b)(6) is appropriate only when it appears beyond a doubt that a plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief.[10] Thus, the issue before the Court is not whether Plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his proposed claim.[11]

For the reasons stated in Section III(B)(1)(b) of this Memorandum and Order denying Defendants' Motion to Dismiss Count II of Plaintiff's First Amended Complaint, *infra*, the Court cannot say, based on the allegations pled in the proposed First Amended Complaint, that it appears beyond a doubt that Plaintiff can prove no facts in support of an equitable estoppel claim under federal ERISA law. Defendants may very well be able to obtain summary judgment on this new claim; however, it would be premature for the Court to dismiss the claim at this point in time.

● Adding Party Plaintiff

 Plaintiff seeks to add his father, Barry Beach, as a party to this action. In opposition to Plaintiff's request, Defendants state Plaintiff fails to identify a claim different or distinct from those claims already set forth in the original Complaint by Plaintiff.

Plaintiff's motion is timely under the August 21, 2002 Scheduling Order. Defendants do not allege, and the Court does not find, any undue prejudice to Defendants in allowing Plaintiff to add his father as a party to this action. Thus, the Court finds that the Plaintiff's request to add his father as a party plaintiff should be granted.

### III. Motion to Dismiss

● Standard of Review

Defendants move to dismiss Counts II, III and IV of Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. As noted above, a Rule 12(b)(6) motion to dismiss will be granted only if it appears

---

7. Defendants' Response to Plaintiff's Motion for Leave to Amend Petition at p. 1 (doc. 22).

8. *Id.*

9. *Lyle v. Commodity Credit Corp.*, 898 F.Supp. 808, 810 (D.Kan.1995) (citing *Ketchum v. Cruz*, 961 F.2d 916 (10th Cir.1992)), *aff'd.*, 104 F.3d 367 (10th Cir.1996).

10. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir.1998).

11. *See Baumann v. Hall*, No. 98–2126–JWL, 1998 WL 513008, *1 (D.Kan. July 15, 1998) (citation omitted).

beyond a doubt that the plaintiff is unable to prove any set of facts entitling him to relief under his theory of recovery.[12] "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."[13] The Court must view all reasonable inferences in favor of the plaintiff, and the pleadings must be liberally construed.[14] Again, the issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support her claims.[15]

• Discussion

• *Count II—Promissory Estoppel*

Defendants argue Count II of the original Complaint is pled as a state law promissory estoppel claim arising under Kansas contract law and should be dismissed because the claim is preempted by ERISA. In the alternative, Defendants argue that even if the Court would construe Count II as an equitable estoppel claim brought pursuant to ERISA, such claim still should be dismissed because the .Tenth Circuit has not recognized an ERISA equitable estoppel claim under the circumstances presented by Plaintiff here.

• Common Law Estoppel Claim

■ Defendants argue Count II of Plaintiff's Complaint, if construed as. a common law estoppel claim, is preempted

by ERISA. ERISA preempts state law claims that "relate to" any employee benefit plan covered under ERISA.[16] The United States Supreme Court notes that "the express preemption provisions of ERISA are deliberately expansive, and designed to 'establish pension plan regulation as exclusively a federal concern.'"[17] Given the broad scope of the preemption clause, the Supreme Court has stated that a state law "relates to" a benefit plan "if it has a connection with or reference to such a plan."[18]

■ "According to Tenth Circuit jurisprudence, state common law claims based on the doctrine of promissory estoppel 'relate to' a benefit plan and, therefore, are preempted by ERISA."[19] In light of this precedent, the Court concludes that· Count II of Plaintiff's Complaint, if construed· as a state law ·estoppel claim, is preempted by ERISA. The Court is not persuaded by Plaintiff's argument that if, as Defendants claim, Plaintiff was not a beneficiary·of the Plan, then Plaintiff's estoppel claim would not "relate to" the Plan but would merely be a common law claim against Defendants that "coincidentally" had an ERISA-covered plan. To the contrary, the Court finds Plaintiff's estoppel claim relates directly to his efforts to secure payments under the Plan.·and is, therefore, preempted. Thus, if Count II of the Complaint is construed

---

**12.** *Conley v. Gibson,* 355 U.S. at 45–46, 78 S.Ct. 99.

**13.** *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984) (citation omitted).

**14.** *Id.* (citation omitted).

**15.** *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), overruled on other grounds by *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

**16.** 29 U.S.C. § 1144(a); *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 45, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

**17.** *Pilot Life,* 481 U.S. at 45–46, 107 S.Ct. 1549 (quoting *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 523, 101 S.Ct. 1895, 68 L.Ed.2d 402, (1981)).

**18.** *Shaw v. Delta Air Lines,. Inc.,* 463 U.S. 85, 97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983) (citations omitted). .

**19.** *Swearingen v. Honeywell, Inc.,* 189 F.Supp.2d 1189, 1195 (D.Kan.2002) (citing *Peckham v. Gem State Mut. of Utah,* 964 F.2d 1043, 1050–51 (10th Cir.1992); *Kaus v. Standard Life Ins. Co.,* 176 F.Supp.2d 1193, 1198 (D.Kan.2001)).

as a state law promissory estoppel claim arising under Kansas contract law, it must be dismissed on grounds that it is preempted by ERISA.

- ERISA Estoppel Claim

In light of the language used in the First Amended Complaint, however, the Court finds it proper to construe Count II as an equitable estoppel claim brought pursuant to ERISA. Given this construction, the Court now moves to Plaintiff's alternative argument that such claim should be dismissed because the Tenth Circuit has not recognized an ERISA equitable estoppel claim under the circumstances presented by Plaintiff here.

Defendants are correct in stating the Tenth Circuit never has officially recognized a claim for equitable estoppel under ERISA.[20] "Despite the lack of formal recognition, [however,] the Tenth Circuit has outlined a rudimentary framework of rules and elements to be followed when analyzing an equitable estoppel claim."[21] "In *Miller v. Coastal Corporation*, the Tenth Circuit refused to 'import notions of promissory estoppel into ERISA' and held that the unambiguous terms of an employee benefit plan could not be modified by informal communications, regardless of whether the communications were written or oral."[22] "The *Miller* court left open, however, the possibility that estoppel might be applied in 'egregious' or 'extraor-

dinary' circumstances, such as when the evidence demonstrated 'lies, fraud, or intent to deceive' on the part of the defendant."[23]

"Two years after *Miller*, the Tenth Circuit indicated in *Averhart v. U.S. WEST Management Pension Plan* that if an ERISA estoppel claim would be available at all, it would only apply with respect to an employer's representations that constituted an interpretation of an ambiguous term of an employee benefit plan."[24] Thus, the Tenth Circuit's opinions appear to indicate that if the court were to uphold a claim for estoppel under ERISA, it would do so only if: (1) the challenged representation concerned an unambiguous term of an employee benefits plan but was based on lies, fraud, intent to deceive or other egregious or extraordinary circumstances; or (2) the representation constituted an interpretation of an ambiguous term of an employee benefits plan.

In this case, Defendants argue Plaintiff has failed to allege any egregious or extraordinary circumstances sufficient to state a claim for estoppel under ERISA. The court disagrees. Count II of Plaintiff's First Amended Complaint alleges that Defendants' representations regarding coverage of Plaintiff under the Plan were made "with knowledge of the falsity of their statements or with reckless disregard for the truth or falsity thereof."[25] The Court finds that these allegations, if

---

**20.** *Cannon v. Group Health Serv. of Okla., Inc.*, 77 F.3d 1270, 1277 (10th Cir.), cert. denied, 519 U.S. 816, 117 S.Ct. 66, 136 L.Ed.2d 27 (1996).

**21.** *Swearingen v. Honeywell, Inc.*, 189 F.Supp.2d at 1195 (citing *Kaferly v. U.S. West Techs.*, No. 98–1165, 189 F.3d 478, 1999 WL 679682, at *9–10 (10th Cir. Sept.1, 1999); *Cannon*, 77 F.3d at 1276–77; *Averhart v. U.S. WEST Mgmt. Pension Plan*, 46 F.3d 1480, 1485–87 (10th Cir.1994); *Miller v. Coastal Corp.*, 978 F.2d 622, 624–25 (10th Cir.1992), cert. denied, 507 U.S. 987, 113 S.Ct. 1586,

123 L.Ed.2d 152 (1993); *Kaus*, 176 F.Supp.2d at 1198–99; *Arocho v. Goodyear Tire & Rubber Co.*, 88 F.Supp.2d 1175, 1183–84 (D.Kan.2000)).

**22.** *Id.* (citing *Miller*, 978 F.2d at 624–25).

**23.** *Id.* (citing *Miller*, 978 F.2d at 625; *Kaferly*, 1999 WL 679682, at *10 n. 8).

**24.** *Id.* at 1195–96 (citing 46 F.3d at 1486).

**25.** Plaintiffs' First Amended Complaint at ¶ 34.

ultimately proved, rise to the level of egregious or extraordinary circumstances sufficient to state a claim for estoppel under ERISA. The Court cannot say, based on the allegations pled in the proposed First Amended Complaint, that it appears beyond a doubt that Plaintiff can prove no facts to support these allegations of fraud and/or reckless disregard for the truth of the matters allegedly stated. Again, Defendants may very well be able to obtain summary judgment on the claim; however, it would be premature for the Court to dismiss the claim at this point in time. Accordingly, the Court concludes Plaintiff sufficiently has stated a claim for estoppel under ERISA.

Defendants also argue Plaintiff has failed to allege any ambiguity in the Plan and that he therefore cannot claim Defendants' representations constituted an interpretation of an ambiguous term of the Plan. Again, the court disagrees. Plaintiffs allege in their First Amended Complaint that the Plan is ambiguous as to whether the term "full-time student" means enrolling in versus actually attending classes. Given this, the Court concludes Plaintiffs adequately have stated a claim for estoppel under ERISA.

For these reasons, the Court will deny Defendants' Motion to Dismiss Count II of Plaintiffs' First Amended Complaint and will permit Plaintiff to proceed with his ERISA estoppel claim at this stage of the lawsuit.

- Counts III and IV—Negligent and Intentional Misrepresentation

As noted above, state laws are preempted if they "relate to" an ERISA plan.[26] As also noted, the preemption clause is conspicuous for its breadth, and the words "relate to" are given a broad meaning.[27] There is no simple test for determining when a law relates to a plan.[28] The Tenth Circuit has recognized four categories of laws which have been held preempted because they relate to ERISA plans: (1) laws that regulate the type of benefits or terms of ERISA plans; (2) laws that create reporting, disclosure, funding, or vesting requirements for ERISA plans; (3) laws that provide rules for the calculation of the amount of benefits to be paid under ERISA plans; and (4) laws and common-law rules that provide remedies for misconduct growing out of the administration of the ERISA plan.[29] The state common law claims of negligent and intentional misrepresentation alleged by Plaintiff appear to fall under the fourth category. For this fourth category, the preemption analysis turns on the factual basis supporting Plaintiff's state law claims.[30]

In his negligent and intentional misrepresentation claims, Plaintiff alleges Defendant Kiewit's agent either intentionally or negligently represented to Plaintiff's father that Plaintiff was covered under the Plan as of July 30, 2001 and that Plaintiff relied on these representations to his det-

26. 29 U.S.C. § 1144(a); *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983).

27. *FMC Corp. v. Holliday,* 498 U.S. 52, 58, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990); *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 46, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Shaw,* 463 U.S. at 98, 103 S.Ct. 2890.

28. *Wilcott v. Matlack, Inc.,* 64 F.3d 1458, 1462 (10th Cir.1995).

29. *Id.*

30. *Id.; Settles v. Golden Rule Ins. Co.,* 927 F.2d 505, 509 (10th Cir.1991)("[u]nder the standard applied in this circuit, 'common law tort and breach of contract claims are preempted by ERISA if the factual basis of the cause of action involves an employee benefit plan.' ").

riment. Plaintiff's request for damages is for an amount in proportion to Plan benefits, but not less than Plaintiff's maximum lifetime benefits under the Plan.

The facts alleged by Plaintiff to support his state law misrepresentation claims both refer to and flow from the ERISA Plan at issue in Count I of the Complaint. Thus, the Court finds these misrepresentation claims necessarily "relate to" the Plan and are preempted by ERISA. Notably, the Court's finding with regard to this issue is consistent with factually analogous cases decided in this jurisdiction.[31]

 Plaintiff attempts to avoid ERISA preemption of these claims by arguing that if he is not entitled to ERISA benefits, he has no standing to maintain an ERISA claim and therefore ERISA cannot preempt his state law claims. The Court is not persuaded by Plaintiff's argument in this regard, primarily because Plaintiff's argument fails to properly analyze who has standing to bring an ERISA claim. Any

"participant" or "beneficiary" is permitted to bring a claim under the statute.[32] A "beneficiary" is defined as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." [33] All that is required for a plaintiff to have standing to bring an ERISA claim is that the plaintiff sufficiently allege that he may have qualified for benefits.[34]

Here, Plaintiff sufficiently has alleged he may have qualified for benefits under the Plan; thus, he has standing to pursue an ERISA claim for benefits. Because Plaintiff has standing to pursue his claim, this Court has the necessary jurisdiction over his state law claims to determine whether such claims are preempted.[35]

The two cases in this jurisdiction relied on by Plaintiff to support his theory are distinguishable from the facts presented here. The case of Hospice of *Metro Denver, Inc. v. Group Health Ins. of Oklahoma, Inc.*[36] involves claims by a health

---

**31.** *See Wilcott,* 64 F.3d at 1463–64 (employer's alleged misrepresentation that utilizing disability leave benefits would not jeopardize employee's job was "related to" ERISA plan and thus was preempted); *Straub v. Western Union Tel. Co.,* 851 F.2d 1262 (10th Cir.1988)(employer's alleged negligent failure to inform retiree that pension benefits might be affected by transfer to subsidiary was "related to" ERISA plan and thus was preempted); *Penyak v. UNUM Life Ins. Co. of America,* No. CIV. 97–2117–EEO, 1998 WL 171213 (D.Kan. Mar.12, 1998)(employer's alleged negligent misrepresentation that plaintiff was covered under the disability policy as part of her compensation "related to" ERISA plan and was preempted by ERISA); *Van Hoove v. Mid–America Bldg. Maint., Inc.,* 811 F.Supp. 609 (D.Kan.1993)(claim that employer's alleged misrepresentations regarding plaintiff's insured status were preempted by ERISA).

**32.** 29 U.S.C. § 1132(a)(1).

**33.** 29 U.S.C. § 1002(8) (emphasis added).

**34.** *See Swearingen v. Honeywell,* 189 F.Supp.2d at 1189 (determining plaintiff satis-

factorily had alleged the deceased beneficiary may have qualified as a participant under the ERISA plan; thus, holding plaintiff had standing to pursue claims under ERISA as beneficiary.)

**35.** *See id.,* 189 F.Supp.2d at 1189 (court dismissed plaintiff's common law estoppel claim despite fact that deceased's status as an ERISA plan participant had not yet been determined.); *Taylor v. Menninger Clinic, Inc.,* No. CIV. 00–2342–CM, 2002 WL 436770 (D.Kan. March 18, 2002) (court granted summary judgment after finding plaintiff's state law claims for misrepresentation were preempted, despite the fact that plaintiff had not brought a claim under ERISA); *Penyak v. UNUM Life Ins. Co. of America,* No. CIV. 97–2117–EEO, 1998 WL 171213 (D.Kan. Mar.12, 1998) (preemption decision made by court despite the fact that court had yet to decide whether plaintiff was entitled to benefits under the plan.)

**36.** 944 F.2d 752 (10th Cir.1991).

care provider against an ERISA insurer for promissory estoppel where the plan administrator informed the hospital coverage was available for the participant's child. The court found the mere fact that the insurer was an ERISA plan did not provide ERISA preemption of state law claims. The court based its decision on the fact that the alleged conduct did not relate to the administration of the plan and that the plaintiff did not allege to be a beneficiary or seek rights under the plan.[37] In contrast, Plaintiff's state law claims here all relate to administration of the Plan and would affect the rights of a potential beneficiary.

Although the *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*[38] case cited by Plaintiff involves a claim of fraudulent inducement, unlike the facts presented in this case, the fraud was allegedly committed before the plan at issue came into existence; thus, the court found no ERISA preemption.

The Court finds Counts III and IV of Plaintiff's First Amended Complaint should be dismissed.

Accordingly, it is hereby ordered that

- Plaintiff's Motion for Leave to Amend Complaint is granted. Pursuant to D. Kan Rule 15.1, the Clerk shall detach and file the original First Amended Complaint, and it shall be deemed filed as of the date this Order is filed. Plaintiffs shall serve the First Amended Complaint on Defendants within **ten (10) days** after the First Amended Complaint is deemed filed. In addition, Plaintiffs shall file a separate certificate of service. Defendants shall plead in response to the First Amended Complaint as set forth in D. Kan. Rule 15.1.
- Defendants' Motion to Dismiss

- is granted to the extent that Counts III and IV of Plaintiff's First Amended Complaint are dismissed; and
- is denied as to Count II of Plaintiffs' First Amended Complaint; thus, Plaintiffs are hereby permitted to proceed with their ERISA estoppel claim at this stage of the proceeding.
- Plaintiff's Motion for Oral Argument is denied.

IT IS SO ORDERED.

---

**37.** *Id.* at 754–55.

**38.** 170 F.3d 985 (10th Cir.1999).