**The DENVER AND RIO GRANDE WESTERN RAILROAD COMPANY a corporation, Appellant,**

v.

**Ane D. CLINT, Appellee.**

**No. 5292.**

United States Court of Appeals Tenth Circuit.

June 29, 1956.

Rehearing Denied July 25, 1956.

**446**

T. A. Chisholm, Denver, Colo. (T. A. White, Denver, Colo., on the brief), for appellant.

Joseph A. Myers, Denver, Colo. (H. D. Reed, Denver, Colo., on the brief), for appellee.

Before BRATTON, Chief Judge, PHILLIPS, Circuit Judge, and ROGERS, District Judge.

PHILLIPS, Circuit Judge.

Ane D. Clint, as the surviving widow of David K. Clint, Jr., deceased, recovered a judgment against the Denver and Rio Grande Western Railroad Company [1] for the alleged wrongful death of David. The Railroad Company has appealed.

In the original complaint the claim was predicated on § 41–1–1 of the Colorado Revised Statutes 1953, which in part provides:

"Damages for death.—(1) Whenever any person shall die from any injury resulting from or occasioned by the negligence, unskillfulness, or criminal intent of any officer, agent, servant or employee, while running, conducting or managing any locomotive, car or train of cars, * * * the corporation, or individuals in whose employ any such officer, agent, servant, employee, * * * shall be at the time such injury is committed, or who owns any such railroad, locomotive, car, * * * at the time any such injury is received, * * * shall forfeit and pay for every person and passenger so injured the sum of not exceeding ten thousand dollars, and not less than three thousand dollars, * * *."

Section 41–1–2 of the Colorado Revised Statutes 1953, provides:

"Action notwithstanding death.— Whenever the death of a person shall be caused by a wrongful act, neglect or default of another, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages notwithstanding the death of the party injured."

Section 41–1–1 is purely penal and not compensatory and § 41–1–2 creates a right of action for the recovery of compensatory damages.[2]

---

1. Hereinafter referred to as the Railroad Company.

2. Denver & Rio Grande Railroad Co. v. Frederic, 57 Colo. 90, 140 P. 463.

Section 41–1–3 of the Colorado Revised Statutes 1953, places a limit upon the amount of compensatory damage and provides for an election as between the recovery of penal damages under § 41–1–1 and compensatory damages under § 41–1–2.

Section 41–1–4 provides that an action under § 41–1–1 or § 41–1–2 shall be brought within two years from the commission of the alleged negligence, resulting in the death for which the suit is brought.

At the pre-trial conference and after the two-year limitation period had run, Ane amended her complaint so as to predicate her claim upon § 41–1–2.

The evidence established these facts:

On October 19, 1952, David was riding upon a locomotive of the Railroad Company, at the invitation of its employees, the engineer and fireman, for the purpose of taking pictures. On divers occasions prior thereto, David had ridden on locomotives owned and operated by the Railroad Company, for the purpose of taking pictures, with the permission of the Railroad Company's agents, servants and employees.

While David was so riding on such locomotive on October 19, 1952, the boiler of such locomotive exploded, causing the death of David. The explosion was the result of lack of water in the boiler and was caused by the negligent failure of the Railroad Company's engine crew to cause water to be injected from the tender into the boiler. The engineer and fireman had knowledge of David's presence on the locomotive.

The Railroad Company contends that the court erred in not sustaining its plea that the claim predicated on § 41–1–2, asserted in the amended complaint, was barred by limitation.

Rule 15(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. provides:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Colorado Rule 15(c) is identical with the Federal Rule. See Colorado Revised Statutes 1953, Vol. 1, p. 19.

The claim asserted in the amended complaint arose out of the same conduct and occurrence set forth, or attempted to be set forth in the original complaint. The parties were the same, the occurrence was the same, and in both pleadings the same negligence was pleaded as the proximate cause of the accident which resulted in David's death. From the beginning, Ane sought to recover damages for the death of David, her husband, caused by an explosion of the locomotive in which he was riding, which explosion was caused by the negligence of the employees of the Railroad Company, the engineer and fireman in charge of the locomotive.

■ We hold that under both the state and Federal rule, the amendment related back to the time of the filing of the original complaint and that, therefore, the claim asserted in the amended complaint is not barred.[3]

The case of L. E. Whitham Construction Co. v. Remer, 10 Cir., 105 F.2d 371, in our opinion, is clearly distinguishable. There, the amended complaint asserted a new claim, brought by a different plaintiff, and sought entirely different and additional relief.

The Railroad Company further contends that it was not liable because David was a trespasser on the locomotive at the time of the explosion and there was no evidence tending to show that the Railroad Company or its employees and servants wilfully and wantonly injured David.

It may be conceded that the conductor, engineer and fireman did not have authority to permit David to ride on the locomotive for the purpose of taking pictures, and that at the time of the ex-

---

3.  See Tiller v. Atlantic Coast Line Railroad Co., 323 U.S. 574, 580–581, 65 S. Ct. 421, 89 L.Ed. 465; See also Petsel

v. Chicago, B. & Q. Railway Co., 8 Cir., 202 F.2d 817, 822.

plosion David was a trespasser. He was on the engine with the permission and the invitation of the engineer and fireman. They knew that he was present on the locomotive. With that knowledge of his presence, the engineer or fireman, or both, negligently failed to maintain an adequate supply of water in the boiler and that negligence caused the explosion, which, in turn, caused David's death.

■ The Supreme Court of Colorado has expressly refused to follow the rule that the only obligation owed to a trespasser is to abstain from wilful, wanton, or reckless conduct toward him. It is the rule in Colorado that one is liable for injuries, resulting from negligence, to a trespasser whose presence is known. Otherwise stated, it is the law in Colorado that one must exercise reasonable care to avoid that which will injure a trespasser whose presence is known, or should reasonably be known.[4]

■ We conclude that the Railroad Company, through its employees and servants, failed to exercise that degree of care which it owed to David, even though he was a trespasser, and that the negligence of the engineer and fireman proximately caused the explosion which resulted in David's death.

Finally, it is contended by the Railroad Company that David and the Railroad Company were engaged in the mutual violation of the "Pass" statute of the United States and a non-discrimination statute of the State of Colorado.[5]

With exceptions which do not have any material bearing here, 49 U.S.C.A. § 1(7) prohibits a common carrier from issuing a free pass or giving free transportation to a passenger and provides a penalty for the violation thereof. Ch. 29, § 10, '35 C.S.A., prohibits discrimination in favor of any consignor or consignee and provides both civil and criminal liability for a violation thereof.

■ The Federal statute makes the issuance and acceptance of a free pass or free transportation a criminal offense. The statute provides in plain terms the penalty for its violation, but it does not expressly, nor by implication, prohibit recovery for the wrongful death of a person, occurring while he is riding upon a train on a free pass or without payment of transportation. The penalty imposed by the statute is not to be enlarged by construction. One riding on a train in violation of the statute is not deprived of the benefit of the protection of local law with respect to his life or safety.[6]

■ The state statute, by its terms, refers to consignors and consignees and the transportation of property. It does not speak of discrimination with respect to passengers, but if it could be construed as bringing within its purview the transportation of a passenger without payment of the legal fare, it, too, provides its own penalty and its violation does not forfeit the right of action under state law for the wrongful death of a passenger.

The judgment is affirmed.

4. Krause v. Watson Brothers Transp. Co., 119 Colo. 73, 200 P.2d 387; See also Atkinson v. Ives, 127 Colo. 243, 255 P.2d 749.

5. See 49 U.S.C.A. § 1(7) and Ch. 29, § 10, '35 C.S.A.

6. See Southern Pacific Co. v. Schuyler, 227 U.S. 601, 612, 613, 33 S.Ct. 277, 57 L. Ed. 662.