**In re UNIVERSAL FACTORING COMPANY, INC., James Ray Eckhart,**

**and**

**The James Dawson Eckhart and Sydne Marie Eckhart Irrevocable Trust, Dated May 1, 1996, Debtors.**

**Patrick J. Malloy, III, Trustee, Plaintiff,**

**v.**

**Mulkey Tire, Inc., Defendant.**

**Bankruptcy Nos. 98–03383– M, 98–03807–M.**

**Adversary No. 00–0203–M.**

United States Bankruptcy Court, N.D. Oklahoma.

June 12, 2002.

Patrick J. Malloy, III, Tulsa, OK, for plaintiff.

Michael Hayes Freeman, Tulsa, OK, for defendant.

## ORDER DENYING MOTION TO DISMISS

TERRENCE L. MICHAEL,
Bankruptcy Judge.

THIS MATTER comes before the Court pursuant to the Defendant's Motion to Dismiss all Claims for Relief and Brief in Support Thereof (the "Motion") filed by Mulkey Tire, Inc., Defendant herein ("Mulkey"), the Plaintiff's Response to Defendant's Motion to Dismiss and Supporting Brief (the "Response") filed by Patrick J. Malloy, III, Trustee and Plaintiff herein ("Trustee" or "Malloy"), and the Defendant's Motion and Brief in Reply to Plaintiff's Response to Defendant's Motion to Dismiss (the "Reply") filed by Mulkey. The Court, having fully reviewed the arguments and authorities offered by the parties, denies the Motion.

### Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b),[1] and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). This is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(H).

---

1. Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et. seq.* (West 2002).

## Background

Universal Factoring Company, Inc., ("Universal") filed for voluntary relief under chapter 11 of the Bankruptcy Code (the "Code") on August 21, 1998. On September 18, 1998, James Ray Eckhart ("Eckhart") filed a voluntary petition under chapter 7 of the Code. On October 14, 1998, Patrick J. Malloy, III, was appointed Trustee of the Eckhart estate.[2] The Court entered an order on August 16, 1999, substantively consolidating the Eckhart and Universal estates under Case No. 98–03383–M. On September 7, 1999, the Court entered an order approving the appointment of Malloy as chapter 11 trustee of the consolidated estates. On November 19, 1999, the James Dawson Eckhart and Sydne Marie Eckhart Irrevocable Trust Dated May 1, 1996, was substantively consolidated into Case No. 98–03383–M. The Court entered an order on February 10, 2000, converting the consolidated case to a case under chapter 7 of the Code. Shortly thereafter, the Trustee began the process of initiating over 100 adversary proceedings, each based upon the Trustee's allegation that Universal was engaged in a classic Ponzi scheme.[3]

The Trustee launched this adversary proceeding with the filing of a complaint (the "First Complaint") on August 18, 2000, seeking to recover payments from Universal to Mulkey pursuant to § 544 of the Code and the Oklahoma Uniform Fraudulent Transfer Act (the "UFTA").

Mulkey timely filed an answer (the "First Answer") on October 5, 2000. The Court entered a scheduling order (the "Scheduling Order") on November 14, 2000, establishing deadlines for the completion of discovery, the filing of dispositive motions, and the submission of a joint pretrial order. The parties subsequently sought and obtained four extensions of the deadlines contained in the Scheduling Order before eventually submitting their proposed pretrial order (the "Pretrial Order") to the Court.

On March 6, 2001, the Trustee filed a motion seeking leave to file an amended complaint. The Court entered an order on March 7, 2001, granting leave to file the amended complaint. On March 9, 2001, the Trustee filed his Plaintiff's First Amended Complaint (the "Amended Complaint"), adding a claim for relief under § 548 of the Code. On April 18, 2001, Mulkey filed its answer to the Amended Complaint (the "Second Answer"). Neither the First Answer nor the Second Answer raised any affirmative defenses to the Trustee's claims. On December 10, 2001, the Court approved the parties' proposed Pretrial Order. Mulkey filed the instant Motion on April 17, 2002.[4]

## Discussion

For purposes of deciding the Motion, the Court must "accept all well-pleaded allegations of the complaint as true and construe them in the light most favorable to the

---

**2.** Steven W. Soulé resigned as Trustee of the Eckhart estate on October 14, 1998, prompting the appointment of Malloy as Trustee.

**3.** The United States Court of Appeals for the Tenth Circuit has defined a "Ponzi scheme" as

... an investment scheme in which returns to investors are not financed through the success of the underlying business venture, but are taken from principal sums of newly attracted investments. Typically, investors

are promised large returns for their investments. Initial investors are actually paid the promised returns, which attract additional investors.

*In re Hedged–Investments Assoc., Inc.,* 48 F.3d 470, 471 n. 2 (10th Cir.1995).

**4.** Mulkey obtained new counsel in this adversary proceeding on or about January 4, 2002, after submission and entry of the agreed Pretrial Order.

plaintiff." [5] *Ramirez v. Dept. of Corrs.*, 222 F.3d 1238, 1240 (10th Cir.2000). "Generally, the complaint should not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.*, quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The issue is not whether the claimant will ultimately prevail, but whether he is entitled to present evidence to support his claim. *Callaway v. U.S.*, 568 F.2d 684, 685–86 (10th Cir.1978).

Mulkey has alleged the following bases for dismissal of this adversary proceeding:

1. Both the First Complaint and the Amended Complaint must be dismissed for failure to plead fraud with sufficient particularity;

2. The First Complaint must be dismissed because the Trustee failed to incorporate the claims set forth therein into the Amended Complaint; and

3. The Amended Complaint must be dismissed as having been filed after the statute of limitations which governs these actions had expired.

*See* Motion, pp. 1–2. The Court will examine each argument in turn.[6]

*Failure to Plead Fraud With Particularity*

 Mulkey argues that the claims alleged by the Trustee in both the First Complaint and the Amended Complaint should be dismissed because the Trustee has failed to plead fraud with particularity as required by Fed.R.Civ.P. 9(b).[7] Rule 9(b) states:

> **(b) Fraud, Mistake, Condition of the Mind.** In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other condition of mind of a person may be averred generally.

One of the purposes for Rule 9(b) is "to afford defendant fair notice of plaintiff's claims and the factual background upon which [they] are based ..." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir.2000), *cert. denied*, 531 U.S. 926, 121 S.Ct. 302, 148 L.Ed.2d 242 (2000). Other reasons for the rule are to enable the defendant to prepare a response and to deter frivolous claims. *See Safety Technologies, L.C. v. LG Techs., LTEE*, 2000 WL 1585631, at *4 (D.Kan.2000). Where discovery is complete and the court has entered a pretrial order, "none of the rationale for requiring fraud be pled with particularity apply," because the defendant has been made aware of "all of the details of the allegations from depositions, interrogatories, and other discovery." *Id.*

In *Safety Technologies*, the defendants moved for judgment on the pleadings on the basis that the plaintiffs failed to plead

---

**5.** The Trustee argues that the Motion, which Mulkey characterizes as a motion under Fed. R.Civ.P. 12(b)(6), is untimely. Under Fed. R.Civ.P. 12(h)(2), the Court may consider "a defense for failure to state a claim upon which relief can be granted within a Rule 12(c) motion for judgment on the pleadings." *Swearingen v. Honeywell*, 189 F.Supp.2d 1189, 1193 (D.Kan.2002) (internal quotes omitted). The Court therefore treats the Motion as a motion for judgment on the pleadings. *See Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir.1990). The court employs the same standard to analyze both. *See Swearingen*, 189 F.Supp.2d at 1193.

**6.** In the Motion, Mulkey also argues that the statute of limitations has not been tolled with respect to the Trustee's § 548 claim. The Court need not address this point in order to rule upon the Motion.

**7.** Fed.R.Civ.P. 9 is made applicable to this adversary proceeding by Fed.R.Bankr.P. 7009.

fraud with particularity. The plaintiffs argued that a pretrial order entered before the defendants' motion superseded the challenged complaint. The defendants responded with the claim that the allegations in the pretrial order were also deficient. *See id.* at *3. The court pointed out that under Fed.R.Civ.P. 16(e) a pretrial order "controls the subsequent course of the action and supersedes the pleadings." *Id.* at *4 (additional quotes and citations omitted). Therefore, defendants' focus on the sufficiency of the complaint was misplaced especially where the pretrial order set out the plaintiffs' allegations in greater detail and controlled the course of the lawsuit. The court went on to note that the defendants could not claim they were prejudiced by the lack of particularity in the complaint where they had failed to challenge its sufficiency earlier—

> It would be an injustice for this court to dismiss the plaintiffs' action for failure to comply with Rule 9(b) more than two months after the final pretrial order was entered, without, it should be noted, any objections by the defendants concerning the specificity of the plaintiffs' claims, and barely more than one month before the trial is scheduled to begin.

*Id.* The court then denied the motion for judgment on the pleadings.

In this case Mulkey filed the Motion more than four months after the Court entered its Pretrial Order. As was the case in *Safety Technologies,* the Pretrial Order spells out the Trustee's allegations in greater detail than do either of the complaints and controls the course of this litigation. Mulkey does not argue that the allegations contained in the Pretrial Order are deficient. Mulkey voiced no objection to the sufficiency of the complaints in the Pretrial Order or in either of the answers filed to the Trustee's First and Amended Complaints. The fact that Mulkey was able to file responsive pleadings to both of the Trustee's complaints indicates that it has not been prejudiced by any lack of particularity. Conversely, to permit Mulkey to challenge the adequacy of the complaints at this late date, after the issues have been framed in the Pretrial Order and the Trustee has come to rely on the same, would be both prejudicial and unjust.

A defendant's failure to raise its Rule 9(b) argument with or before its answer operates as a waiver of that argument. *See Gillette Co., v. Philips Oral Healthcare, Inc.,* 2001 WL 1442637, at *6, 2001 U.S.Dist. LEXIS 18624, at *17 (S.D.N.Y. 2001); *Sithon Maritime Co., v. Holiday Mansion,* 983 F.Supp. 977, 990 (D.Kan. 1997), *reconsideration denied,* 177 F.R.D. 504 (D.Kan.1998); *In re U–Fill 'Er Up, Inc.,* 1996 U.S.Dist. LEXIS 3280, at *7 (M.D.N.C.1996); *Todaro v. Orbit Int'l Travel, Ltd.,* 755 F.Supp. 1229, 1234 (S.D.N.Y.1991); *United Nat'l Records, Inc., v. MCA, Inc.,* 609 F.Supp. 33, 38–39 (N.D.Ill.1984). Mulkey had ample opportunity to raise objections to the sufficiency of the First and Amended Complaints long before now. It neglected do so and has waived any argument that the Trustee has failed to plead fraud with particularity.

*Failure to Incorporate Allegations of the First Complaint into the Amended Complaint*

Mulkey asserts that the Trustee did not specifically incorporate into the Amended Complaint the claim for relief contained in the First Complaint. He contends that by failing to specifically adopt the claim alleged in the First Complaint, said claim was rendered a "nullity" by the filing of the Amended Complaint. The Trustee argues that the Amended Complaint incorporates by reference all of the allegations contained in the First Complaint, thereby

preserving the claim for relief contained in the First Complaint.

■ Both parties cite the case of *King v. Dogan,* 31 F.3d 344, 346 (5th Cir.1994), wherein the court stated: "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." In the parties' view, the question is whether the Trustee's attempt to refer to, adopt, or incorporate by reference the First Complaint is sufficiently specific. The Court disagrees. It is true that in the present case the Amended Complaint, once served on Mulkey, superseded the First Complaint. However, as previously noted, the Pretrial Order entered December 10, 2001, supersedes all previous pleadings and controls the course of this adversary proceeding. *See Tyler v. City of Manhattan,* 118 F.3d 1400, 1403 (10th Cir.1997); *Franklin v. United States,* 992 F.2d 1492, 1497 (10th Cir.1993). Because the Pretrial Order contains the claims alleged by the Trustee in both the First Complaint and the Amended Complaint, any failure by the Trustee to specifically incorporate the claim contained in the First Complaint into the Amended Complaint is irrelevant. *See In re Hunt,* 238 F.3d 1098, 1101 (9th Cir. 2001) (pretrial order has effect of amending the pleadings); *see also Syrie v. Knoll Int'l,* 748 F.2d 304, 308 (5th Cir.1984) (incorporation of negligence claim into pretrial order effectively amended previous pleadings to state claim). Consequently, Mulkey's argument that the claim alleged in the First Complaint has been rendered a "nullity" must fail.

*The Statute of Limitations*

■ Section 546 of the Bankruptcy Code places limitations on the avoiding powers of the trustee. The applicable portion of that section states:

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) the later of—

(A) 2 years after the entry of the order for relief; or

(B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or

(2) the time the case is closed or dismissed.

§ 546(a). Universal filed its voluntary chapter 11 petition on August 21, 1998, and the two-year time period provided for in § 546(a)(1)(A) ended August 21, 2000. *See* § 301 (commencement of a voluntary case constitutes the order for relief). However, because the Trustee was not appointed until September 7, 1999, he had until September 7, 2000, to initiate proceedings to recover preferences and fraudulent transfers. The Amended Complaint was filed March 9, 2001. The Trustee argues that if the statute of limitations defense raised by Mulkey has not been waived,[8] the Amended Complaint claim is not time-barred because it relates back to the filing of the First Complaint.

■ Relation back of pleadings is governed by Fed.R.Civ.P. 15(c),[9] which provides in pertinent part:

---

**8.** In the Response, the Trustee argues that Mulkey has waived the statute of limitations defense. For the purposes of this Order, the Court assumes without deciding that the stat-

ute of limitations defense has not been waived by Mulkey.

**9.** Fed.R.Civ.P. 15 is made applicable to this proceeding by Fed.R.Bankr.P. 7015.

**(c) Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when

*\*\*\**

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.

Fed.R.Civ.P. 15(c)(2). A leading treatise has described the court's inquiry under Rule 15(c)(2) in the following terms:

[T]he search under Rule 15(c) is for a common core of operative facts in the two pleadings.

Because the rationale of the relation back rule is to ameliorate the effect of the statute of limitations, rather than to promote the joinder of claims and parties, the standard for determining whether amendments qualify under Rule 15(c) is not simply an identity of transaction test; although not expressly mentioned in the rule, the courts also inquire into whether the opposing party has been put on notice regarding the claim or defense raised by the amended pleading. Only if the original pleading has performed that function, which typically will be the case if the letter of the test set forth in Rule 15(c) is satisfied, will the amendment be allowed to relate back to prevent the running of the limitations period in the interim from barring the claim or defense.

6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1497, at 85–86 (2d ed.1990). The United States District Court for the District of Kansas has stated that:

An amended complaint will not relate back if it asserts new or distinct conduct, transactions, or occurrences as the basis for relief. The purpose behind Rule 15(c)(2) is accomplished if the original complaint gives the defendant fair notice that litigation is arising out of a specific factual situation. If the original complaint fairly discloses the general fact situation out of which the new claims arise, a defendant is not deprived of the protection of the statute of limitations.

*Landis v. Correctional Corp. of America–Leavenworth,* 1999 WL 459338, at \*3 (D.Kan.1999) (internal quotes and citations omitted). An amendment that adds or changes the statutory provision relied on, but relies on the same facts to support the claim, will relate back. *Denver and Rio Grande Western R.R. v. Clint,* 235 F.2d 445, 447 (10th Cir.1956).

The courts "somewhat liberally" apply the relation back provisions of Rule 15. *Powers v. Graff,* 148 F.3d 1223, 1225–26 (11th Cir.1998). As a general rule, amendments will relate back if they amplify the facts previously alleged, correct a technical defect in the prior complaint, assert a new legal theory of relief, or add another claim arising out of the same facts. *See F.D.I.C. v. Conner,* 20 F.3d 1376, 1385–86 (5th Cir.1994); *Marsh,* 774 F.Supp. at 612. "[F]or relation back to apply, there is no additional requirement that the claim be based on an identical theory of recovery." *Bularz v. Prudential Ins. Co. of America,* 93 F.3d 372, 379 (7th Cir.1996) (citations omitted). On the other hand, amendments generally will not relate back if they interject entirely different facts, conduct, transactions or occurrences. *F.D.I.C. v. Conner,* 20 F.3d at 1385–86. It is a matter committed to the district court's sound discretion to decide whether a new claim arises out of the same transaction or occurrence. *Wilson v. Fairchild Republic Co., Inc.,* 143 F.3d 733, 738 (2nd Cir.1998).

*Kidwell v. Board of County Comm'rs of Shawnee County,* 40 F.Supp.2d 1201, 1217 (D.Kan.1998), *aff'd,* 189 F.3d 478 (10th Cir. 1999), *cert. denied,* 528 U.S. 1064, 120 S.Ct. 620, 145 L.Ed.2d 514 (1999).

The Trustee argues that because the Amended Complaint merely adds a second count in which he seeks to recover fraudulent transfers made within one year prior to commencement of the bankruptcy case, it relates back to the First Complaint, which seeks recovery of monies paid to Mulkey within four years prior to filing of the bankruptcy petition. Assuming that the elements required for recovery under the UFTA are equivalent to those necessary to recover under § 548, any claim brought under § 548 would seem to be encompassed by Count One of the First Complaint. Put another way, any conduct, transaction or occurrence taking place during the four years prior to the bankruptcy filing would necessarily include conduct, transactions or occurrences that took place in the year immediately preceding the commencement of the bankruptcy case.

Mulkey argues that this is a case involving multiple occurrences and transactions, each with its own specific set of facts and circumstances which must be alleged separately. In effect, Mulkey's position is that permitting the Trustee to apply a broad brush to this litigation without specifying individual transactions ignores the possibility that any particular transaction between Mulkey and Universal during the relevant period might have been legitimate. This argument may have had some merit if Mulkey had made a timely motion for a more definite statement of the allegations of fraud contained in the First Complaint. The failure of Mulkey to challenge the sufficiency of the factual allegations of the First Complaint at a time when they could have been effectively remedied requires the Court to construe those factual allegations most broadly.

Mulkey relies upon *Metzeler v. Bouchard Transp. Co., Inc., (In re Metzeler),* 66 B.R. 977 (Bankr.S.D.N.Y.1986), for support. In *Metzeler,* the trustee filed a complaint alleging the defendant received certain preferences and fraudulent transfers prior to the commencement of the bankruptcy case. The complaint listed several electronic funds transfers to the defendant with accompanying dates and amounts, and recited the terms of §§ 547 and 548 of the Code. The trustee later sought leave to file an amended complaint adding several earlier transfers to the defendant made on behalf of an alleged affiliate of the debtor. The defendant raised the statute of limitations as a defense to the amended complaint, and the trustee argued that the amended complaint related back. *See id.* at 979.

The bankruptcy court denied the motion to amend. In doing so, the court found it noteworthy that the amended complaint failed to allege that the additional transfers were a part of the scheme to defraud creditors that was alleged in the original complaint. The court also found that merely pleading the statutory terms did not permit the relation back of a § 548 claim because each transaction must be proved separately. Finally, the court determined that the original complaint would not have put the defendant on notice that litigation regarding earlier transactions had been contemplated. *See id.* at 983–84.

Other courts have taken various approaches to similar issues. In *Breeden v. Cowen & Co. (In re The Bennett Funding Group, Inc.),* 275 B.R. 447 (Bankr. N.D.N.Y.2001), the chapter 11 trustee filed an adversary complaint pursuant to §§ 544 and 548, seeking to recover payments made to the defendants by consolidated debtors operating a Ponzi scheme. At-

tached to the complaint was a list of the amounts and dates upon which the transfers allegedly occurred and a listing of the bank accounts into which the funds were deposited. *See id.* at 449. After the statute of limitations expired, the trustee filed an amended complaint that provided additional details regarding the alleged siphoning of investments into accounts held by insiders, including allegations that the defendants accepted checks from the debtors with forged or invalid endorsements. The amended complaint changed the listing of accounts into which the funds were deposited and also listed the total amount of deposits, but failed to provide dates for the transfers. *See id.* at 449–50. The defendants moved to dismiss the amended complaint, arguing it was barred by the statute of limitations. The court found that the trustee had abandoned the allegations contained in the original complaint and replaced them with allegations of transfers made into different bank accounts. Additionally, it appeared that the transfers alleged in the first complaint benefitted the debtors because they were deposited into accounts held by the debtors, while the transfers alleged in the amended complaint inured solely to the benefit of corporate insiders. The court further found that there were no allegations that the defendants were insiders of the debtors and either knew of or actively participated in the Ponzi scheme. *See id.* at 453. Lastly, the court concluded that only the amended complaint provided notice to the defendants of the existence of the insiders' bank accounts or of the allegation that they had accepted checks with forged or invalid endorsements. *See id.* at 454. Given the circumstances, the court concluded that the amended complaint did not relate back and the trustee's claims contained therein were barred by the statute of limitations. *See id.* at 455.

*Brandt v. Gerardo (In re Gerardo Leasing, Inc.)*, 173 B.R. 379 (Bankr.N.D.Ill. 1994), involved three bankruptcy estates that were substantively consolidated. The chapter 7 trustee filed a complaint seeking to recover preferences and fraudulent transfers made by one of the consolidated debtors to the defendant. The complaint alleged that the defendant received a check for $1,500 each week for fifteen weeks. After the statute of limitations expired, the trustee filed an amended complaint in which he alleged another of the debtors made nineteen weekly transfers of $1,500 to the defendant, beginning the week after the first series of transfers had ended. *See id.* at 383–85. The defendant filed a motion to dismiss the amended complaint, arguing it was barred by the statute of limitations. The trustee argued, *inter alia*, that the amended complaint related back to the first. *See id.* The court acknowledged that merely labeling a series of transfers as fraudulent does not mean they arise out of the same conduct, transaction or occurrence. However, the similarity in the frequency and amount of the payments, the timing between the end of the payments made by one debtor and the start of payments made by another, the possibility that the debtors' finances were intermingled, and other factors led the court to conclude that the evidence at trial could prove that the transfers were part of a continuing scheme. *See id.* at 391. Because the claims alleged in the amended complaint might have been based on the same factual allegations contained in the original complaint, the court concluded that dismissal was inappropriate because the evidence at trial might demonstrate that the amended complaint related back to the original complaint. *See id.* at 391–92.

In *Grella v. Zimmerman (In re Art & Co., Inc.)*, 179 B.R. 757 (Bankr.D.Mass. 1995), the chapter 7 trustee filed a com-

plaint under § 548 alleging the defendants received payment in excess of $67,000 and other compensation that exceeded the value of the services performed for the debtor and also rendered the debtor insolvent. The complaint specified the dates of some, but not all of the transfers. In a second count to the complaint, the trustee purported to reserve the right to amend the complaint for the purpose of exercising his avoidance powers under § 544. The trustee subsequently filed an amended complaint alleging additional transfers to the defendants that predated those alleged in the original complaint. *See id.* at 759. The trustee also filed a motion to amend, and the defendants objected, arguing the amended complaint was barred by the statute of limitations. *See id.* at 760. The court acknowledged that the trustee's original complaint was vague, but found that a fair reading of the allegations contained in it indicated the challenged transactions were not limited to the time period stated therein. Because the trustee could be viewed as complaining about payments made to the defendants throughout the course of their relationship with the debtor, the court concluded that the amended complaint related back to the original. Accordingly, the court granted the motion to amend. *See id.* at 763.

In the present case, the Amended Complaint incorporates by reference the factual allegations contained in the First Complaint, which set forth the basis for the Trustee's contention that Universal was engaged in a continuing scheme to defraud its creditors, and adds the allegation that "within one year of the commencement of these proceedings, the debtor transferred to the defendant $1,038,650.00." *Amended Complaint,* ¶ 2. Construing these allegations in a light most favorable to the Trustee, they can be seen as challenging all payments to Mulkey during the course of its relationship with Universal. The

claim alleged in the Amended Complaint seeks to recover transfers made during a time period later than that referenced in the First Complaint. Thus Mulkey is more likely than the defendant in *Metzeler* to have been aware that the Trustee contemplated adding additional transactions at a later date. *See Metzeler,* 66 B.R. at 984 ("If the earlier transactions were pleaded originally and the amendment sought to add later transactions, the likelihood of notice and expectation would seemingly increase."). Unlike the plaintiff in *Bennett Funding,* the Trustee has not abandoned the claims put forth in the First Complaint, he has merely amended the complaint to include a second statutory provision under which he seeks relief. Additionally, Mulkey's filing of the First and Second Answers undermines any argument that either of the complaints was inadequate to permit the filing of a responsive pleading.

Rule 15(c) requires that the claim set forth in the amended complaint arise out of the "conduct, transaction, or occurrence set forth *or attempted to be set forth* in the original pleading." (emphasis added). The rule contemplates that plaintiffs will often file "bare-bones" complaints and later amend to flesh out the facts which support the claim. It is true that here the Trustee has failed to add any details aside from setting out the amount allegedly transferred to Mulkey within one year of the commencement of the bankruptcy case. This may be explained, however, by the complexity of this bankruptcy case and the Trustee's apparent difficulty in gathering pertinent information. As previously mentioned, the Trustee filed more than 100 adversary proceedings seeking to recover transfers to investors in the alleged Ponzi scheme. No less than three extensions of time to complete discovery were granted

in this adversary proceeding after the Trustee filed the Amended Complaint.

Moreover, the phrase "conduct, transaction, or occurrence" found in Rule 15(c) is cast in the disjunctive. Thus the claim alleged in the Trustee's Amended Complaint need not arise from the same transaction or occurrence attempted to be set forth in the Original Complaint, so long as it springs from the same conduct.

Where there are a series of transfers, it is necessary that the Court examine whether the events are linked by some underlying conduct or transaction, so that the defendant may fairly be charged with notice that the plaintiff might amend his complaint to allege another event in the series after conducting discovery, or whether each event is truly an independent transaction. *In re Austin Driveway Services, Inc.,* 179 B.R. 390, 396 (Bankr.D.Conn.1995); *see also Gerardo Leasing,* 173 B.R. at 389 (stating that "[c]onsiderable difficulty arises when court[s] are confronted with an original complaint which pleads a transaction or series of transactions and amendments which seek only to add transactions similar to those already pleaded."). Furthermore, when a series of events or transactions involves allegations of fraud, "courts have struggled to find the appropriate balance between the certainty that statutes of limitations are intended to provide and recognizing the difficulty that plaintiffs often have in defining the extent and boundaries of fraudulent acts perpetrated against them." *Everfresh Beverages,* 238 B.R. at 574. The court in *Everfresh Beverages* concluded that the relationship back standard should be read broadly where there are allegations of fraud (citation omitted). *Id.; see also I.L.G.W.U. Nat'l Retirement Fund v. Meredith Grey, Inc.,* 190 F.R.D. 324, 328 (S.D.N.Y.1999) (noting that "[t]he Second Circuit has

held that this Rule [Fed.R.Civ.P. 15(c)] shall be 'liberally construed.'" (citing *Mackensworth v. S.S. American Merchant,* 28 F.3d 246, 251 (2d Cir.1994))). *Bennett Funding,* 275 B.R. at 451–52. "The [Federal Rules of Civil Procedure] indicate clearly a general policy to disregard narrow technicalities and to bring about the final determination of justiciable controversies without undue delay. And that being their purpose, they should be liberally construed." *American Fidelity & Cas. Co. v. All Am. Bus Lines,* 190 F.2d 234, 236 (10th Cir.1951).

■ The First Complaint alleged that Universal made distributions to initial investors from funds received from subsequent investors in an attempt to defraud creditors. The allegations contained in the Amended Complaint that Mulkey received such distributions within one year of the commencement of the bankruptcy case can be seen as springing from the same underlying pattern of conduct that was alleged in the First Complaint. This arguably put Mulkey on notice that the Trustee might amend his complaint to add additional legal theories or transfers. Where the "defendant alleges that the plaintiff's claims are untimely, dismissal is improper unless it appears beyond doubt that the plaintiff's claim is barred by the applicable statute of limitations." *Varrone v. Bilotti,* 851 F.Supp. 54, 56 (E.D.N.Y.1993) (internal quotes omitted). In the present case, the Court cannot say that Mulkey has met this standard. Like the plaintiff in *Gerardo,* it is possible that the Trustee can prove at trial that the Amended Complaint relates back to the First Complaint. Accordingly, Mulkey's statute of limitations argument must fail.

For the reasons set forth above,

IT IS HEREBY ORDERED that the Motion to Dismiss all Claims for Relief

filed by Mulkey Tire, Inc., Defendant herein, be, and the same hereby is, denied.